[Civ. No. 13575.   First Dist., Div. One.   May 12, 1948.]

Estate of FRANK H. O'DONNELL, an Incompetent Person.
DEPARTMENT OF MENTAL HYGIENE, Appellant,
v. MAY F. DUNHAM, as Guardian, etc., Respondent.

PETERS, P. J., and BRAY, J.—■■■ Respondent's petition
for rehearing contends that our opinion leaves open the question as to whether in fixing an heir hunter's fee in a guardianship proceeding it is proper for the trial judge to use a percentage. As pointed out in the main opinion, where there is no express contract, the right to a fee is based primarily upon a showing that the incompetent is a missing person, in the true sense, and therefore that the services of the heir hunter are of real value to the incompetent. When that is shown, the judge may fix the reasonable value of the services rendered. If the nature and extent of the services are shown and if it be the fact that there is a customary percentage for such services, the judge may take all those factors into consideration in fixing the value of the services rendered. There is no automatic right to a percentage. In arriving at that value, the court may as a yardstick take into consideration testimony concerning the customary fee in such cases, but is not bound by such measure.

The petition for a rehearing, and the petition for a modification, are denied.

WARD, J.—I vote for a rehearing for the reason that the order granting the payment of $4,000 to the American Research Bureau should be stricken, because such bureau as a matter of law is not entitled to a fee.